# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| JOHN T. MCMAHAN, | ) Case No. 18-14064 |
| | ) |
| Debtor. | ) Hon. Janet S. Baer |
| | ) |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Adversary No. 20 – 00167 |
| TRINITY GREEN-COLORADO, LLC, | ) Hearing Date:   September 30, 2020 |
| | ) Hearing Time:   1:30 p.m. |
| Defendant. | ) |

## NOTICE OF MOTION

TO: See attached list

     PLEASE TAKE NOTICE that on September 30, 2020, at 1:30 p.m., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present the motion of Trustee's Motion for Sanctions Against Trinity Green-Colorado, LLC a copy of which is attached. This motion will be presented and heard telephonically. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476. If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: September 23, 2020

                                                     **THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor.**

                                                     By: /s/ John W. Guzzardo
                                                     One of His Attorneys

[1]

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN T. MCMAHAN, | Case No. 18-14064 |
| Debtor. | Hon. Janet S. Baer |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, | |
| Plaintiff, | Adversary No. 20 - 00167 |
| v. | |
| TRINITY GREEN-COLORADO, LLC, | Hearing Date:  September 30, 2020 |
| | Hearing Time:  1:30 p.m. |
| Defendant. | |

## TRUSTEE'S MOTION FOR SANCTIONS AGAINST
## TRINITY GREEN-COLORADO, LLC

Thomas E. Springer, solely in this capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of John T. McMahan (the "Debtor"), by his attorneys Horwood Marcus & Berk Chartered, as his Motion for Sanctions Against Trinity Green-Colorado, LLC (the "Defendant"), states as follows:

1. On April 30, 2020, the Trustee commenced this adversary proceeding by filing a complaint. [Docket No. 1].

2. On July 1, 2020, the Defendant filed its answer to the complaint. [Docket No. 7].

[2]

3. The First Set of Interrogatories and Document Requests (the "Initial Disclosures"), attached hereto as <u>Exhibit A</u>, were served on August 18, 2020 to Daniel J. Voelker, who at the time was the counsel of record for the Defendant.

4. The Initial Disclosures, as required by Federal Rule of Civil Procedure 26, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 7026 were due by the Defendant in this case on or before September 17, 2020.

5. The Defendant has not provided any responsive documents, or any indication that it intends to do so.

6. Related "Trinity Companies"[1] were served subpoenas pursuant to FRBP 2004 (the "Subpoenas") as part of the Debtor's related bankruptcy proceedings[2] on November 19, 2018 and February 6, 2019, which also remain unanswered. The related Trinity entities and the Defendant all share common ownership, Lynn L. McMahan ("Lynn"), who also was served a subpoena in the Bankruptcy Case.

7. On February 22, 2019 the Trustee filed a Motion to Compel, seeking the Trinity Companies' and Lynn's compliance with the Subpoenas. [Bankruptcy Docket No. 109.]

8. On July 23, 2019, in reliance on the Trinity Companies' and Lynn's counsel's representation that the Trinity Companies and Lynn would submit an affidavit of completeness, the Trustee withdrew his first motion to compel. [Bankruptcy Docket No. 148.]

9. On April 14, 2020, after allowing the Subpoenas to remain unanswered for an additional eight months, the Trustee filed a second Motion to Compel, again seeking the Trinity

---

[1] The "Trinity Companies" served in the Bankruptcy Case were: Trinity Green, LLC, Trinity Green, LLC – 88 W. Schiller, Trinity Green LLC – 509 Peyton, Trinity Green, LLC – 1240 N. Damen, Trinity Green, LLC – 59 W. Schiller, and Trinity Development II, Inc.

[2] *In re John T. McMahan,* Case No. 18-14064 (the "Bankruptcy Case")

[3]

Companies' and Lynn's compliance with the Subpoenas. [Bankruptcy Docket No. 172.] This Court granted the second motion to compel on April 22, 2020. [Bankruptcy Docket 179.]

10. The Defendant's owner has failed to obey this Court's orders and has not submitted initial disclosures in the instant proceedings or provided any responsive documents in the Bankruptcy Case.

11. On September 1, 2020, this Court entered the Second Order to Show Cause for the Trinity Companies' and Lynn's failure to comply with the Court's Order entered June 12, 2020 ("Rule to Show Cause Order") [Bankruptcy Docket No. 191], which compelled the Trinity Companies and Lynn to provide a certificate of completion of their response to the Subpoenas on or before September 18, 2020.

12. The Trinity Companies and Lynn did not comply with this Court's order and the Trustee has sought to hold them in civil contempt.

13. In light of the foregoing, entry of a default judgment against the Defendant is an appropriate sanction. The Trustee has filed two motions to compel on related entities. This court already ordered these entities to comply with the rules on multiple occasions. It is evident the Defendant has no intention to comply with the rules, obey this Court's orders, or meaningfully participate in these proceedings. These derelictions of duty constitute willful, bad faith violations of their obligations under the FRBP and this Court's orders.

14. "The judicial system is premised on the honest, good faith efforts of the parties involved… [and] litigants who abuse the judicial process… should not be surprised to find themselves facing a default judgment." *Reid v. Wolf (In re Wolf)*, 566 B.R. 233, 235 Bankr. N.D.Ill., 2017.

15. FRBP 7037 incorporates Rule 37 of the Federal Rules of Civil Procedure and specifically authorizes this Court to issue a default judgment against a party who fails to obey a discovery order. *See* Fed.R.Civ.P. 37(b)(2)(A)(vi).

16. The Seventh Circuit has affirmed that a default judgment is an appropriate sanction for discovery abuse where "there is a clear record of delay or contumacious conduct, where other less drastic sanctions have proven unavailing, or where a party displays willfulness, bad faith, or fault." *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014).

17. The Defendant met this standard by leaving a clear record of delay and willful, bad faith refusals to cooperate with the Trustee throughout this adversary proceeding and the Bankruptcy Case. The Defendant has not answered discovery, violated court orders and ignored the Rules of Civil Procedure. The Defendant's conduct warrants an entry of a default judgment.

**WHEREFORE,** Thomas E. Springer, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of John T. McMahan, respectfully requests that a default judgment be entered against Trinity Green-Colorado, LLC.

Dated: September 23, 2020

**THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor.**

By: /s/ John W. Guzzardo
One of His Attorneys

John W. Guzzardo (ARDC No. 6283016)
Nathan E. Delman (ARDC No. 6296205)
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Phone: (312) 606-3200
jguzzardo@hmblaw.com
ndelman@hmblaw.com

[5]

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **TRUSTEE'S MOTION FOR SANCTIONS AGAINST TRINITY GREEN-COLORADO, LLC**, to be filed electronically in the United States Bankruptcy Court, Northern District of Illinois on September 23, 2020. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

In addition, the foregoing, **TRUSTEE'S MOTION FOR SANCTIONS AGAINST TRINITY GREEN-COLORADO, LLC**, will also be sent to the following recipients via first-class mail on September 23, 2020:

**Lynn McMahan**
P.O. Box 545
Wayne, Illinois 60184

**Trinity Development (Trinity Development II and Trinity Development and Design)**
c/o Nicole Stege-Brown
6153 Kildare Ave
Chicago, IL 60046

**Trinity Green, LLC**
Lynn McMahan - Registered Agent,
52 Aintree Road, St. Charles, IL 60174

And finally, the forgoing will be sent to the following recipient via first-class mail on September 24, 2020:

**Trinity Green, LLC**
c/o Department of Business Services, Limited Liability Division
501 S. Second Street, Room 351
Springfield, IL 62756

By:/s/ John W. Guzzardo

5478488/1/18492.014