**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN T. MCMAHAN, | Case No. 18-14064 |
| Debtor | Honorable Janet S. Baer |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, | |
| Plaintiff, | Adv. No. 20-00167 |
| v. | |
| TRINITY GREEN-COLORADO, LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Thomas E. Springer, chapter 7 trustee for the Debtor ("**Plaintiff**"), by and through his attorneys, Horwood Marcus & Berk Chartered, pursuant to Federal Rule of Civil Procedure ("**FRCP**") 56 made applicable by Federal Rule of Bankruptcy Procedure ("**FRBP**") 56, for his Memorandum in Support of his Motion for Summary Judgment, states as follows:

**SUMMARY**

The Plaintiff is entitled to judgment as a matter of law because Trinity Green – Colorado, LLC ("**Defendant**") has admitted all material facts relevant to the Trustee's claims. Defendant admitted most of the allegations of the Trustee's complaint filed April 30, 2020 [Dkt. 1]. Those that were not admitted were subsequently admitted by the Defendant in requests to admit served

1

on Defendant on February 22, 2021. FRCP 36, made applicable by FRBP 7036 deems a matter admitted unless the respondent delivers a response denying the matter within thirty (30) days of receiving the requests to admit. FRCP 36(a)(3). As of this writing, Defendant has not responded to the Trustee's Req. to Admit (defined below). The only material fact not actually or technically admitted by Defendant are the value of the real property that was the subject of the fraudulent transfer. Attached hereto is the Declaration of Ms. Diane Freeman ("**Freeman**" and the "**Freeman Decl.**"), a residential and commercial real estate broker with over 27 years of experience in the Chicago real estate market and who has extensive knowledge of the Edwards and Vail neighborhoods of Colorado. The Plaintiff tenders Freeman as an expert witness pursuant to Federal Rule of Evidence 702. There remains no dispute as to the material facts in this case and the Plaintiff is entitled to judgment as a matter of law.

## LEGAL STANDARD AND BACKGROUND

The Court should grant summary judgment where, as here, the movant shows that there is not genuine issue of material fact and the movant is entitled to judgment as a matter of law. FRCP 56. *See also, Ammons v. Aramark Uniform Serv's. Inc.*, 368 F.3d 809, 818 (7th Cir. 2004); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1982). Pursuant to Local Rule 56.1, the Plaintiff has concurrently filed a Statement of Material Facts and his Motion for Summary Judgment. As stated therein, the parties have no dispute over the material facts in this case pursuant to FRCP 36, made applicable by FRBP 7036.

The Plaintiff relies upon the plain language of FRCP 36, which states, *inter alia*: "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FRCP 36(a)(3); *see also Gabbanelli Accordions & Imports, L.L.C. v.*

2

*Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009); *Ty, Inc. v. Target Corporation*, 2019 WL 6497379, *2 (N.D.Ill. December 3, 2019).

Additionally, it is settled law in the 7th Circuit that requests to admit which go unanswered are deemed admitted. *U.S. v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987); *see also In re Quick*, 2012 WL 260099, *1 (Bankr. N.D.Ill. January 27, 2012); *Matthews v. Homecoming Financial Network*, 2006 WL 2088194, *1 (N.D.Ill. July 20, 2006). A failure to respond to requests to admit will take precedence even over other forms of discovery, such as depositions. *Kasuboski*, 834 F.2d at 1349. Answering the same factual admissions elsewhere does not relive a party of responding to the requests to admit within 30 days. *Id.*

Further, the default admissions become a part of the record to which the Court must turn when deciding a motion to dismiss. *Kasuboski*, 834 F.2d at 1350. Under FRCP 36, an admission is "conclusively established." FRCP 36(b); *see also Johnson v. Ameritech, Inc.*, 2003 WL 685608, *2 (N.D.Ill. February 27, 2003). The 7th Circuit has held that the purpose of FRCP 36 is to "narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. This function would be lost if parties were permitted to contest under [FRCP] 56 a matter concluded under [FRCP] 36." *Kasuboski*, 834 F.2d at 1350. Merely opposing a motion for summary judgment cannot negate facts already admitted through a failure to respond to the opposing party's requests to admit. *Id.*

## APPLICATION

In this case, with the exception of the real property valuation, the parties agree on all material facts by virtue of Defendant's Answer to the Complaint, filed July 1, 2020 [Dkt. 7] (the "**Answer**") and Defendant' failure to respond to the Trustee's First Set of Requests to Admit to Trinity Green – Colorado, LLC served February 22, 2021 (the "**Req. to Admit**"). A true and

accurate copy of the Answer is attached hereto as Exhibit 1. Pursuant to the Requests to Admit and FRCP 36, Defendant had until March 25, 2021, thirty (30) days after the service of the Req. to Admit, to deliver a response to the Trustee through his attorneys. A true and accurate copy of the Req. to Admit is attached hereto as Exhibit 2. The Req. to Admit were properly served on Trinity Green. A true and accurate copy of the Certificate of Service for the Requests to Admit is attached hereto as Exhibit 3. As of the date of this Motion, Defendant has not responded in any way to the Req. to Admit.

Pursuant to FRCP 36, all statements of fact within the Req. to Admit are deemed admitted, leaving no genuine issue of material fact. The Requests to Admit contained twelve (12) statements. (Ex. B.) As further discussed in the Statement of Material Facts submitted with this Memorandum in Support of the Plaintiff's Motion for Summary Judgment and the Plaintiff's Motion for Summary Judgment, with the exception of real property valuation, Defendant has admitted to all material facts in this case. Namely, Defendant admits that the real property located at the address commonly referred to as 348 Red Draw in Edwards, Colorado ("**Red Draw Property**") was transferred from Debtor and his wife, Lynn McMahan ("**Lynn**"), to Defendant for $1.00 (one dollar) (the "**Red Draw Transfer**"). (Ex. 2.) Further, Defendant admits that the Red Draw Transfer was made with the intent to hinder, delay, or defraud creditors. (Ex. 2.)

In order to aid this Court in determining the appropriate value of the Red Draw Property, the Plaintiff has included the Expert Declaration of Diane Freeman, attached hereto as Exhibit 4. Diane Freeman ("**Freeman**") has been a real estate broker for over thirty years and has valued numerous properties during that time. In order to evaluate the Red Draw Property, Freeman reviewed the Red Draw Property's property card and the MLS's of two comparable properties.

Based on her review, Freeman valued the Red Draw Property between $1,782,000 and $2,178,000 with a median value of $1,980,000.

## CONCLUSION

For all of the foregoing reasons and those set forth in the accompanying Motion for Summary Judgment, Plaintiff, Thomas E. Springer, chapter 7 trustee for Debtor, respectfully requests that this Court enter summary judgment in his favor and against Defendant as to all Counts of the Trustee's Complaint and enter such other and further relief as the Court deems equitable and just.

Dated: October 1, 2021                                    Respectfully submitted,

 

**THOMAS E. SPRINGER,** solely in his capacity as the chapter 7 trustee for the estate of John T. McMahan

By: */s/ Aaron L. Hammer*
 One of his attorneys

Aaron L. Hammer, Esq.
Nathan Delman, Esq.
Elysa J. Chew, Esq.
**HORWOOD MARCUS & BERK CHARTERED**
500 W. Madison St., Ste. 3700
Chicago, IL 60661
Phone: 312.606.3200
ahammer@hmblaw.com
ndelman@hmblaw.com
echew@hmblaw.com

6041960/2/18492.019

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**, to be filed electronically in the Bankruptcy Court of the Northern District of Illinois, Eastern Division, on October 1, 2021. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

By: /s/ *Aaron L. Hammer*

6041960/2/18492.019