UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>JOHN T. MCMAHAN,<br><br>Debtor(s)<br><br>THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor,<br><br>Plaintiff(s)<br><br>TRINITY GREEN – COLORADO, LLC.<br><br>Defendant(s) | BK No.: 18-14064<br><br>Chapter: 7<br><br>Honorable Janet S. Baer<br><br>Adv. No.: 20-00167 |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the Court for hearings on October 13, 2021, December 15, 2021, and February 2, 2022 on the Motion for Summary Judgment [Dkt. No. 54] (the "Motion") filed by Plaintiff Thomas E. Springer, not individually, but as chapter 7 trustee for the bankruptcy estate of John T. McMahan (the "Trustee"). The Court has considered the Motion, briefing, evidence, and arguments in support of the Motion and notes that Trinity Green – Colorado, LLC (the "Defendant") failed to appear at the hearing and did not file or otherwise respond to the Motion. The Court has subject matter jurisdiction to consider and to determine the Motion pursuant to 28 U.S.C. § 1334(b) and finds that this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b), with venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409. After consideration of the foregoing and the hearings on the Motion, and for the reasons stated in open court and on the record, the Court finds that good cause exists to grant the Motion. Accordingly, it is hereby

ORDERED and ADJUDGED THAT:

1. The Motion is GRANTED as set forth herein.

2. Construing the facts in the Defendant,'s favor, the Court finds that the Plaintiff has satisfied all elements of his fraudulent transfer and constructive fraudulent transfer claims under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8 and his recovery of avoided transfer claim under 11 U.S.C. § 550. The Defendant produced no facts or evidence showing any dispute on any element of the Plaintiff's Complaint [Dkt. No. 1].

3. The transfer of the property located at the address commonly referred to as 348 Red Draw in Edwards, Colorado (the "Red Draw Property") made on December 29, 2013 by John T. McMahan (the "Debtor") to Trinity Green – Colorado, LLC (including any subsequent or related transactions, the "Red Draw Transfer") is avoided pursuant to 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

4. The facts undisputedly demonstrate that the Defendant received the Red Draw Property from

the Debtor for less than reasonably equivalent value at a time when the Debtor was insolvent.

      5. The Plaintiff is entitled to judgment as a matter of law on all counts of its Complaint [Dkt. No. 1].

      6. The Red Draw Transfer is avoided and preserved for the benefit of the bankruptcy estate of John T. McMahan (the "Estate") in the above-captioned bankruptcy case.

      7. All interest in the Red Draw Property will return to the Estate for further administration, and title to the Red Draw Property shall hereinafter automatically vest in the Estate regardless of any transaction or court order to the contrary.

      8. The Trustee is authorized to take any steps necessary, pursuant to 11 U.S.C. § 550, to recover said interest, or the value thereof, for the benefit of the Estate.

      9. The Trustee is authorized to sell the Red Draw Property for the benefit of the Estate. All parties wherever located shall comply with the Trustee in this process including state and local governments and their administrative arms.

      10. The Trustee is entitled to recover the full fair market value of the Red Draw Property, in an amount not less than $1,980,000.00, which is the uncontested value set forth in the Motion, regardless of the ultimate sale price or other disposition of such property. See Decl. of Diane Freeman (Mot. at Ex. 5).

      11. The Trustee is further entitled to recover from the Defendant all costs, fees, and post-judgment interest incurred by the Estate for its administration of the Red Draw Property.

      12. A separate final judgment consistent with this order shall be entered simultaneously.

      13. This order and the related Final Judgment may be recorded in the official records of the applicable county, state, or similar administrative or governmental agency to evidence the avoidance and preservation of the transfer with respect to the real property herein referred to as the Red Draw Property and more particularly described as follows:

      Subdivision: CORDILLERA SUB FIL 10 Lot: 9

      14. The Court shall retain exclusive jurisdiction to hear and determine any disputes arising from or relating to the interpretation, implementation, and enforcement of the terms and provisions of this order.

      15. The entry of this order and its related Final Judgment conclude the above-referenced adversary proceeding.

Enter: *Janet S. Baer*

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: February 7, 2022

**Prepared by:**

HORWOOD MARCUS & BERK CHARTERED
Aaron L. Hammer, Esq.
Nathan E. Delman, Esq.
Elysa J. Chew, Esq.
500 W. Madison Street, Suite 3700
Chicago, IL 60661
Phone: (312) 606-3200
ahammer@hmblaw.com
ndelman@hmblaw.com
echew@hmblaw.com